UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLARE W.,

            Plaintiff,

v.                                                                  3:22-CV-0505
                                                                    (ML)
KILOLO KIJAKAZI, ACTING COMMISSIONER
OF SOCIAL SECURITY,

            Defendant.
_____

APPEARANCES:                                                        OF COUNSEL:

LACHMAN, GORTON LAW FIRM                                            PETER A. GORTON, ESQ.
  Counsel for the Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089

SOCIAL SECURITY ADMINISTRATION                                      JASON P. PECK, ESQ.
  Counsel for the Defendant                                       Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

in connection with those motions on June 8, 2023, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is GRANTED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 12) is DENIED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is REVERSED.

4) This matter is REMANDED to the Commissioner, without a directed finding of disability, for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g).

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, REMANDING this matter to the Commissioner for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: June 12, 2023
      Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------x
CLARE W.-L.,

                                Plaintiff,

vs.                              3:22-CV-505

KILOLO KIJAKAZI, ACTING COMMISSIONER OF
SOCIAL SECURITY,


                                Defendant.
---------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on June 8, 2023, the HONORABLE MIROSLAV LOVRIC, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

```
For Plaintiff:      LACHMAN, GORTON LAW FIRM
                    Attorneys at Law
                    P.O. Box 89
                    1500 E. Main Street
                    Endicott, New York  13761-0089
                      BY:  PETER A. GORTON, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of General Counsel
                    6401 Security Blvd.
                    Baltimore, Maryland  21235
                      BY:  JASON P. PECK, ESQ.
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1        (The Court and Counsel present by telephone.)
2        THE COURT:  The plaintiff in this matter has
3   commenced this proceeding pursuant to Title 42 United States
4   Code Section 405(g) to challenge the adverse determination by
5   the Commissioner of Social Security finding that she was not
6   disabled at the relevant times and therefore ineligible for
7   the benefits that she sought.
8        By way of background, the court sets forth the
9   following information:  Plaintiff was born in 1987.  She is
10  currently approximately 36 years of age.  She was
11  approximately 31 years of age at the alleged onset of her
12  disability, that being on July 12 of 2018.  Plaintiff stands
13  approximately 5 feet 5 inches in height and weighs
14  approximately 214 pounds.  At the time of her administrative
15  hearing on March 17, 2021, plaintiff lived with her fiancé.
16  Plaintiff also had shared custody of her eight-year-old son,
17  who lived with them on a regular basis.  Plaintiff is a high
18  school graduate who attended regular education classes, but
19  reported academic difficulty due to dyslexia and attention
20  deficit hyper activity disorder, also known as ADHD.
21  Plaintiff attended several semesters of college but did not
22  obtain a degree.  Her prior employment includes work as a
23  care aide at a residential facility for special needs
24  individuals.
25       Procedurally in this case, the court notes as

```
 1   follows:  Plaintiff applied for Title II and Title XVI
 2   benefits on February 23rd, 2020, alleging disability
 3   beginning July 12th of 2018.  In support of her claim for
 4   disability benefits, plaintiff claims disability based on a
 5   number of impairments including gastroparesis, diabetes,
 6   asthma, depression, anxiety, bipolar disorder, and ADHD.
 7   Administrative Law Judge Robyn Hoffman conducted a hearing on
 8   March 17th, 2021 to address plaintiff's applications for
 9   benefits.  The ALJ issued an unfavorable decision on May 4 of
10   2021.  That decision became the final determination of the
11   agency on March 18, 2022, when the Appeals Council denied
12   plaintiff's request for review.  This action was commenced on
13   May 16, 2022, and it is timely.
14           In her May 4, 2021 decision, ALJ Hoffman first
15   determined that plaintiff met the insured status requirements
16   of the Social Security Act through March 31st, 2022, and then
17   applied the familiar five-step test for determining
18   disability.
19           At step one, the ALJ concluded that plaintiff had
20   not engaged in substantial gainful activity from her alleged
21   onset date of July 12th, 2018.
22           At step two, the ALJ concluded that plaintiff had
23   the following severe impairments, that being asthma and
24   uncontrolled type I diabetes mellitus, with gastroparesis and
25   cyclical vomiting.
```

1          At step three, the ALJ concluded that plaintiff did
2   not have an impairment or combination of impairments that met
3   or medically equaled the severity of one of the listed
4   impairments in 20 C.F.R. Sections 404.1520(d), 404.1525, and
5   404.1526, and the ALJ focusing on listing at 3.02, dealing
6   with chronic respiratory disorders; listing at 3.03, dealing
7   with asthma; listing at 5.00, dealing with digestive system;
8   and listing at 9.00, dealing with endocrine disorders.
9          Next, the ALJ determined that plaintiff had the
10  residual functional capacity, also known as RFC, to perform
11  less than the full range of light work.  Specifically, the
12  ALJ found plaintiff can lift and carry 20 pounds occasionally
13  and 10 pounds frequently, sit for up to six hours, and stand
14  or walk for six hours, all in an eight-hour workday with
15  normal breaks.  The plaintiff -- excuse me.  The ALJ also
16  indicated that plaintiff can occasionally climb ladders,
17  ropes, or scaffolds, and can frequently climb ramps or
18  stairs, kneel, crouch, and crawl.  The ALJ also decided that
19  plaintiff should avoid exposure to excessive amounts of
20  extreme hot and cold temperatures and respiratory irritants,
21  such as dust, odors, fumes, and gases.  The ALJ also decided
22  that the plaintiff can perform work that requires little or
23  no judgment to do simple duties that may be learned on the
24  job in a short period of time.
25         In reaching her RFC determination, the ALJ

1 considered multiple medical and psychiatric opinions.  She
2 found the July 14, 2020 opinion of Dr. B. Patel and the
3 November 24th, 2020 opinion of Dr. B. Stouter to be
4 persuasive.  Both of these nonexamining state agency
5 consultants opined that plaintiff was capable of light
6 exertion and could "occasionally" climb ladders, ropes, and
7 scaffolds, "frequently" climb ramps and stairs, kneel,
8 crouch, and crawl, and should avoid concentrated exposure to
9 respiratory irritants.  The ALJ adopted all of these
10 limitations into her RFC determination.
11         The record contains two opinions from consultative
12 examiner Dr. Gilbert Jenouri, dated June 27, 2019 and July 8,
13 of 2020.  The ALJ found these opinions to be persuasive to
14 the extent each was consistent with the ability to perform
15 light work, but rejected Dr. Jenouri's June 2019 opinion that
16 plaintiff would have marked schedule disruptions due to
17 complications from diabetes as, the ALJ stated, "purely
18 speculative and unsupported by any objective evidence."  The
19 ALJ noted that plaintiff had visited the emergency room
20 multiple times for abdominal pain and diabetic complications
21 but found that most of these visits occurred prior to the
22 alleged onset date.  The ALJ also noted that the symptoms
23 associated with plaintiff's diagnosed gastroparesis had not
24 prevented her from performing activities of daily living,
25 such as caring for her son, and found no evidence that the

1  symptoms caused her to regularly miss or arrive late for
2  scheduled medical appointments.
3       The ALJ likewise rejected the February 16, 2021
4  opinion of Nurse Practitioner Nancy Evans, who had treated
5  plaintiff for diabetes and related complications since 2012.
6  Nurse Practitioner Evans opined that plaintiff would need
7  unlimited access to a bathroom while working, and that her
8  need to use a bathroom would be urgent and immediate.  Nurse
9  Practitioner Evans also opined that plaintiff's symptoms and
10 medication -- let me start that over.  Evans also opined that
11 plaintiff's symptoms and medication side effects would cause
12 pain, fatigue, diminished concentration, and reduced work
13 pace.  She further opined that these limitations would force
14 plaintiff to rest during the workday, cause her to be off
15 task between 20 percent and 30 percent of the time, and lead
16 to more than four unscheduled absences per month.  Although
17 the ALJ found Nurse Practitioner Evans' opinion to be
18 unpersuasive, the ALJ stated that her RFC determination made
19 some accommodation for these purported limitations by
20 restricting plaintiff to "work that requires little or no
21 judgment to do simple duties that may be learned on the job
22 in a short period of time."
23      At step four, the ALJ relied on the vocational
24 expert testimony to determine that plaintiff could not
25 perform her past relevant work.  Again relying on the

1  vocational expert testimony, the ALJ found that, considering
2  plaintiff's age, education, work experience, and residual
3  functional capacity, there were jobs that existed in
4  significant numbers in the national economy that she could
5  have performed.  More specifically, the vocational expert
6  testified that plaintiff could perform the requirements of
7  representative light work occupations, such as hand packer,
8  production worker, and production inspector.  Accordingly,
9  the ALJ found that plaintiff was not disabled from the
10 alleged onset date through the date of the disability
11 determination.
12         Now turning to the plaintiff's arguments.  As the
13 parties know, this court's functional role in this case is
14 limited and extremely deferential.  I must determine whether
15 correct legal principles were applied and whether the
16 determination is supported by substantial evidence, defined
17 as such relevant evidence as a reasonable mind would find
18 sufficient to support a conclusion.  As the Second Circuit
19 noted in *Brault v. Social Security Administration*
20 *Commissioner*, found at 683 F.3d 443, 2012 case, the standard
21 is demanding, more so than the clearly erroneous standard.
22 The court noted in *Brault* that once there is a finding of
23 fact, that fact can be rejected only if a reasonable fact
24 finder would have to conclude otherwise.
25         Plaintiff raises several contentions in this

1  proceeding and on this appeal.  First, the plaintiff alleges
2  that the ALJ erred by excluding any limitations related to
3  time off task and absenteeism from her RFC determination.
4          Next, the plaintiff argues that the ALJ's
5  evaluation of the medical opinions of Dr. Jenouri and Nurse
6  Practitioner Evans were not supported by substantial
7  evidence.
8          Next, the plaintiff also argues that the ALJ's
9  hypothetical question to the vocational expert did not fully
10 account for plaintiff's functional limitations, resulting in
11 a step five determination that is not supported by
12 substantial evidence.
13         The court begins its analysis and reasoning in this
14 matter as follows:  Plaintiff reported she began working a
15 reduced schedule and eventually had to stop working entirely
16 due to gastroparesis that regularly caused episodes of
17 extreme abdominal pain, nausea, and vomiting lasting several
18 days.  Following a searching review of the record, this court
19 finds that the ALJ failed to marshal substantial evidence to
20 explain her determination that plaintiff's diabetic
21 complications, particularly gastroparesis, would not impact
22 plaintiff's ability to remain on task during the workday or
23 maintain regular attendance at work.
24         "At their most basic, the amended regulations
25 require that the ALJ explain [her] findings regarding the

supportability and consistency for each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'"  See case of *Raymond M. v. Commissioner of Social Security*, found at 5:19-CV-1313, issued by Magistrate Judge Andrew T. Baxter.  That's found at 2021 WL 706645, at *8, and that's a Northern District of New York February 22nd, 2021 case.

   The ALJ rejected the only two medical opinions that address the issues of time off task and absenteeism, but the ALJ failed to articulate a clear rationale for doing so.  *See Joseph H. v. Commissioner of Social Security*, 19-CV-587, 2020 WL 2736276, at *8, and that is a Northern District New York May 26, 2020 case issued by Judge Baxter, remanding where ALJ never explained how she concluded that plaintiff's impairments would only force him to be off task 5 percent of the workday, rather than the more restrictive limitations described by the relevant medical opinions.

   The primary factors cited by the ALJ in rejecting Dr. Jenouri's June 2019 opinion and Nurse Practitioner Evans' February 20, 2021 opinion -- plaintiff's activities of daily living, such as caring for her son, and plaintiff's ability to consistently make her medical appointments -- these observations by the ALJ do not constitute substantial evidence to support the ALJ's conclusion that plaintiff had no limitations with remaining on task or maintaining regular

1   attendance.  See case of *Rucker v. Kijakazi*, 48 F.4th 86 at
2   page 93, that's a Second Circuit 2022 case, finding that an
3   individual's regular attendance at medical appointments is
4   unhelpful in determining that the individual can show up and
5   successfully function in a work environment.  See also case
6   of *Patrick M. v. Saul*, found at 18-CV-290, that's a
7   Magistrate Judge Baxter case, 2019 WL 4071780, at *10, and
8   that's a Northern District New York August 28, 2019 case, and
9   therein, Magistrate Judge Baxter found plaintiff's ability to
10  attend medical appointments and engage in other daily
11  activities of limited duration did not correlate to his
12  ability to stay on task during an eight-hour workday.

13          Likewise, although the ALJ stated that she limited
14  plaintiff to unskilled jobs with simple tasks to address
15  Nurse Practitioner Evans' opinion, the ALJ did not explain
16  how this accommodation bore any relations to Nurse
17  Practitioner Evans' concern that plaintiff would need
18  frequent and immediate access to a bathroom during the
19  workday in excess of normal break periods, and would miss
20  work more than four days per month.  See case of *Brian D. v.*
21  *Commissioner of Social Security*, found at 21-CV-1368, that is
22  a decision by Magistrate Judge Hummel, and can be found at
23  2023 WL 1765429, at *8, that's a Northern District New York
24  February 3rd, 2023 case, and therein, Judge Hummel remanded
25  the matter where the ALJ did not explain how low stress work

1  addressed physician's concerns about plaintiff's irritable
2  bowel syndrome, and thus did not provide good reasons for
3  discounting physician's opinion that plaintiff would be off
4  task and miss work beyond typical employer tolerances.
5           Finally, although the ALJ's RFC determination
6  characterizes examination results as "largely benign," those
7  same treatment notes frequently showed abnormal abdominal
8  tenderness, pain, and distention, and treatment sources
9  described only "mild improvement" in plaintiff's symptoms.
10 An ALJ is not qualified to assess a claimant's RFC on the
11 basis of bare medical findings, and the ALJ has not cited any
12 medical expert who found plaintiff's gastroparesis symptoms
13 to be under control.  Indeed, the only medical experts to
14 specifically address the issue, that being Dr. Jenouri and
15 Nurse Practitioner Evans, found otherwise.  Moreover, the
16 nonexamining medical consultants relied upon by the ALJ did
17 not have access to either of these opinions when reviewing
18 plaintiff's records.  Dr. Jenouri's June 2019 opinion was
19 issued as part of a prior application that was consolidated
20 with this claim, and ALJ Hoffman only added it to the
21 administrative record in March of 2021.  Transcript at pages
22 363 to 364.  Nurse Practitioner Evans' February 2021 opinion
23 was issued after the initial denial.
24          At the March 17, 2021 hearing, the ALJ heard
25 vocational expert testimony that employers typically would

1   not tolerate employees who were off task more than 10 percent
2   of the workday or had more than eight unscheduled absences in
3   a year.  Because a proper evaluation of the record evidence
4   may lead the ALJ to conclude that plaintiff's time off task
5   and absenteeism exceeds the typical employer tolerance, this
6   court cannot find that the ALJ's error is harmless and must
7   order remand for further administrative proceedings.
8           In deciding that remand is required, this court is
9   not deciding that a proper evaluation of the evidence
10  regarding time off task and absenteeism will result in a
11  determination that plaintiff qualifies for disability
12  benefits.  An ALJ must "build an accurate and logical bridge
13  from the evidence to [her] conclusion to enable a meaningful
14  review."  See *Pamela P. v. Saul* at 19-CV-575, and that is a
15  Magistrate Judge Daniel Stewart case, found at 2020 WL
16  2561106, at *4, that's a Northern District New York May 20th,
17  2020 case, and therein, Judge Stewart quoting from *Steele v.*
18  *Barnhart*, 290 F.3d 936 at page 941, a Seventh Circuit 2002
19  case.  In ordering remand, this court finds that the ALJ's
20  current evaluation of the record evidence, as expressed in
21  her decision, does not permit that meaningful review.
22  Because the resolution of this issue on remand may impact
23  other parts of the ALJ's disability determination, this court
24  declines to address plaintiff's remaining arguments.
25          So based upon this analysis and reasoning, it is

1   the court's decision that plaintiff's motion for judgment on
2   the pleadings is granted and defendant's motion for judgment
3   on the pleadings is denied, and this case is remanded to the
4   Social Security Administration for a *de novo* review pursuant
5   to my reasoning, analysis and decision herein.  As I
6   indicated, the court will order a transcript of this decision
7   that I've placed on the record.  I will then file a summary
8   order and attach the transcript to that summary order, and
9   that will constitute my decision and order in this matter.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

|   |   |
|---|---|
| 1 | CERTIFICATE OF OFFICIAL REPORTER |
| 2 | |
| 3 | |
| 4 | I, JODI L. HIBBARD, RPR, CRR, CSR, Federal |
| 5 | Official Realtime Court Reporter, in and for the |
| 6 | United States District Court for the Northern |
| 7 | District of New York, DO HEREBY CERTIFY that |
| 8 | pursuant to Section 753, Title 28, United States |
| 9 | Code, that the foregoing is a true and correct |
| 10 | transcript of the stenographically reported |
| 11 | proceedings held in the above-entitled matter and |
| 12 | that the transcript page format is in conformance |
| 13 | with the regulations of the Judicial Conference of |
| 14 | the United States. |
| 15 | |
| 16 | Dated this 9th day of June, 2023. |
| 17 | |
| 18 | |
| 19 | /S/ JODI L. HIBBARD |
| 20 | JODI L. HIBBARD, RPR, CRR, CSR<br>Official U.S. Court Reporter |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547